SIGNED THIS: November 28, 2011

_____
Thomas L. Perkins
United States Chief Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
JERRY DEAN FERGUSON and                         )    Case No. 10-81401
JULIE RENE FERGUSON,                            )
                                                )
                              Debtors.          )

### OPINION

This matter is before the Court on the issue of whether and how the equitable doctrine of marshaling should be applied in this Chapter 12 bankruptcy case. The facts are undisputed.

The Debtors, Jerry and Julie Ferguson (DEBTORS), filed this case as family farmers under Chapter 12 on April 28, 2010. At the time of the filing, First Community Bank (FCB) held a first priority blanket lien on the DEBTORS' equipment. A second priority lien on the same equipment was held by West Central FS (WCFS). The equipment was sold postpetition, generating net proceeds of $170,060.75, which are being held by Michael D. Clark, the Chapter 12 Standing Trustee (TRUSTEE).

FCB also holds a first mortgage on certain real estate owned by the DEBTORS. The value of that real estate is greater than the full balance of FCB'S claim. FCB is oversecured based upon the real estate mortgage alone, without regard to the equipment proceeds. FCB also holds a first priority lien on 2009 crop proceeds that is prior to the junior lien of WCFS on those same proceeds. WCFS alleges that the TRUSTEE is holding 2009 crop proceeds in the amount of $115,288.78. Apparently netting out the landlord liens, FCB alleges that net crop proceeds of $68,069.28 will be available for distribution to lienholders. WCFS does not hold a mortgage on the DEBTORS' real estate.

In its motion for distribution of funds (Doc. 82), FCB seeks an order directing the TRUSTEE to distribute to it the entire $170,060.75 in equipment proceeds now held by the TRUSTEE. In its response (Doc. 93), WCFS seeks an order denying FCB'S motion and instead asks the Court to apply the equitable doctrine of marshaling so that WCFS receives the equipment proceeds (and perhaps a portion of the net crop proceeds), while FCB is forced to look to its real estate mortgage for satisfaction of its debt. Since the Chapter 12 plan filed by the DEBTORS proposes retention, not sale, of the real estate, FCB opposes marshaling, as it wants to be paid sooner rather than later.

Marshaling is an equitable doctrine resting upon the policy that where a senior creditor has two funds to satisfy his debt, while a junior creditor has rights in only one of the funds, the junior creditor's interest should be protected by forcing the senior creditor to first exhaust the fund not available to the junior creditor. *Meyer v. U.S.*, 375 U.S. 233, 236, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). As courts of equity, bankruptcy courts have the power to apply the principles and rules of equity jurisprudence. *Pepper v. Litton*, 308 U.S. 295, 304,

2

60 S.Ct. 238, 84 L.Ed. 281 (1939). There is a long history of courts applying the doctrine of marshaling in bankruptcy cases. *Victor Gruen Assoc., Inc. v. Glass,* 338 F.2d 826, 829 (9th Cir. 1964); *In re Jack Green's Fashions for Men – Big and Tall, Inc.,* 597 F.2d 130, 133 (8th Cir. 1979); *In re A.H. Robins Co., Inc.,* 880 F.2d 694, 701 (4th Cir. 1989); *In re Dow Corning Corp.,* 280 F.3d 648, 656 (6th Cir. 2002).

A junior creditor's right to impose marshaling is in the nature of a property right that, as such, is determined by state law. *In re High Strength Steel, Inc.,* 269 B.R. 560, 572 (Bankr.D.Del. 2001). The doctrine of marshaling has long been recognized by the Illinois Supreme Court. *Doyle v. Murphy,* 22 Ill. 502 (1859). Its application is not automatic, however. The doctrine will not be applied to the injury of the senior creditor, if, for example, the collateral value is suspect, or may only be realized by litigation or where it will cause the senior creditor to suffer delay or to realize less than full payment. *Boone v. Clark,* 129 Ill. 466, 481 (1889). In the bankruptcy context, delay and illiquidity are common reasons for denial of a marshaling request. *See In re Century Brass Products, Inc.,* 95 B.R. 277 (D.Conn. 1989) (marshaling request denied as to collateral proceeds in Chapter 11 case where debtor did not propose to sell or liquidate senior creditor's other collateral); *Matter of Woolf Printing Corp.,* 87 B.R. 692 (Bankr.M.D.Fla. 1988) (marshaling request denied where senior creditor would have been forced to give up "ready cash" collateral proceeds and to liquidate debtor's personal property, suffering delay).

As pointed out by FCB, WCFS, the junior creditor, wants to aggregate and divide the collateral, and take the liquidated, and therefore more desirable, portion for itself, as if it had the prior right. In this Court's view, the right of a senior, oversecured creditor to

cash out its position first where only a portion of its collateral has been liquidated is a valuable right that should be protected at law and in equity. Being forced to resort to the real estate for payment, and thus to accept a long-term loan under a plan of reorganization, will cause real harm to FCB, exposing it to credit risk, interest rate risk and collateral value depreciation risk, as well as the delay and expense engendered by the confirmation process in bankruptcy and a possible foreclosure action in state court.

Marshaling is most appropriate when all of the senior creditor's collateral is being liquidated and the proceeds distributed, thus eliminating the uncertainties and risks relating to value, process and delay. Because the DEBTORS' plan proposes to retain the real estate, amortizing the loan over 20 years with a balloon payment after 7 years, application of the doctrine of marshaling, while favorable for WCFS, is detrimental to FCB.

Under the circumstances at issue, it would be grossly inequitable to force FCB to forego the immediate payment of the equipment proceeds being held by the TRUSTEE and, instead, be forced to accept long-term secured claim treatment under the DEBTORS' plan. The request for marshaling as proposed by WCFS will be denied.

As a fall-back position to its marshaling request, WCFS asks the Court to adopt the terms of a proposed "settlement agreement" between it and FCB, to which the DEBTORS are not parties. As described by WCFS, it would receive $88,000 of the funds held by the TRUSTEE and FCB would receive $150,000. The balance of FCB'S claim of approximately $160,000 would continue to be secured by a first mortgage on the DEBTORS' real estate. WCFS would be granted a second mortgage on the real estate to secure its remaining balance of about $89,000. Presumably, the real estate mortgages would be subject to proper treatment as secured claims under the Chapter 12 plan.

4

WCFS'S proposal cannot be accepted as an alternative to marshaling. As applied by Illinois courts, marshaling is an either/or proposition. If the proper conditions for its application are not present, marshaling is rejected and the junior creditor is left with the natural consequences of its subordinate status. This Court is not aware of any reasoned basis to justify creating some kind of modified marshaling remedy in the name of equity.

Equity, like beauty, is often in the eye of the beholder. A remedy that benefits one party may penalize another. The DEBTORS would be adversely affected if their real estate were to be encumbered by a second mortgage. Unsecured creditors could suffer as well if the amount they would receive in a hypothetical liquidation were suddenly reduced. Nonstatutory remedies that operate to prefer one creditor or class of creditors over another are disfavored and construed narrowly in bankruptcy cases. *In re Grand Wireless, Inc.*, 2007 WL 1557461 (D.Mass. 2007); *In re Ben Franklin Retail Store, Inc.*, 202 B.R. 955, 959 (Bankr.N.D.Ill. 1996).

For these reasons, FCB'S motion for distribution of funds will be granted. The marshaling request advanced by WCFS and the alternative request by WCFS and FCB to impose their settlement agreement will be denied. This denial is based upon the DEBTORS' retention of the real estate as proposed in their Chapter 12 plan. If liquidation of the real estate occurs, the Court would consider revisiting the issue of marshaling.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###